# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES R. MULLINS, JR.,

      Plaintiff,

  -vs-

BANK OF AMERICA CORP.,

      Defendant.

:

Case No. 3:12-cv-131

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on the First Motion to Remand of Bank of America Corp. (Doc. No. 10) to which James Mullins has responded (Doc. No. 13).

Bank of America filed this case as a foreclosure action in the Preble County Common Pleas Court and served Mr. Mullins with process on December 4, 2009, as he admits (Answer to Motion, Doc. No. 13, PageID 142). The earliest date on which Mr. Mullins attempted to remove the case to this Court was April 26, 2012.[1] Mr. Mullins claims this case became removable on March 30, 2012, the date he received notice that the Common Pleas Court had dismissed his March 7, 2012, counterclaim in the foreclosure action. *Id*. at PageID 143.

After the Common Pleas Court dismissed his counterclaim or denied him leave to add one, all that was left in the case were the claims originally made by Bank of America at the outset of the case. If those were claims over which this Court would have had original jurisdiction, then removal had to occur within thirty days of service of process, or not later than January 3, 2009. Nothing was added to the case to make it removable by the state court's action in late March, 2012.

---

1 He explains in his Response to the Order to Removing Party (Doc. No.8), he had a number of confusing conversations with different deputy clerks about the requirements for removal. The date of April 26 gives him the benefit of the earliest date he claims.

Mr. Mullins asserts that

> [T]he State Court has no jurisdiction over the fraud committed by defendant against plaintiff. The Federal Courts has [sic] that jurisdiction alone. Therefore, the plaintiff filed a Motion to Remove the case from State Court to U.S. District Court. This case is not just a simple matter of a foreclosure. This is a matter of the defendnat [sic] violating plaintiff's [2] constitutional rights by intentionally using fraud and deceit to conduct their scam while using the American Court system to aid them.

(Answer to Motion to Remand, Doc. No. 13, PageID 143.) With respect, the state courts certainly do have jurisdiction over fraud claims and indeed over asserted violations of constitutional rights. But even if they did not, that would not make the case removable, although it might support a motion to dismiss for lack of jurisdiction in the state court. Therefore the removal was untimely and the case should be remanded to the Preble County Common Pleas Court.

In addition to being untimely, the removal was not concurred in by all the Defendants as required by 28 U.S.C. § 1446(b)(2)(A). While Kate Mullins concurred, no concurrence was obtained from the Federal Home Loan Bank Board of Cincinnati or the Preble County Treasurer. Mr. Mullins argues that the Federal Home Loan Bank Board of Cincinnati does not have to concur, relying on *Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132 (7th Cir. 1992). Mr. Mullins confuses the Federal Home Loan Bank of Cincinnati with the Federal Home Loan Mortgage Corporation, which is popularly known as Freddie Mac. Freddie Mac is not a defendant in this case; the *Mendrala* case applies to Freddie Mac and in any event does not hold that it does not have to concur in a removal to federal court in a case in which it is actually a defendant. And Mr. Mullins cites no authority for the proposition that the Preble County Treasurer can be ignored in the removal process.

For the foregoing reasons, the Motion to Remand should be granted.

---

2 Despite the fact that he is a defendant in the state court action and only defendants can remove a case to federal court, Mr. Mullins refers to himself in his motion papers as "plaintiff" and included in his removal papers a purported complaint in which he is named as Plaintiff and Bank of America as a defendant. The Magistrate Judge takes no position on whether Mr. Mullins could bring an original suit in this Court against Bank of America.

June 22, 2012.

                                           s/ *Michael R. Merz*
                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).